786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES WILLIAM BROSSEAU, Plaintiff-Appellant,
v.
CLERMONT CO. COMMISSIONERS, et al., Defendant-Appellees.
 82-3384, 82-3708
 United States Court of Appeals, Sixth Circuit.
 2/5/86
 
 Before: JONES and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, a pre-trial detainee in a county jail, brought a civil rights action against the county alleging that conditions in its jail were unsatisfactory in various respects and alleging that the county failed to give him proper medical care. After pre-trial proceedings in which the plaintiff, who acted pro se, was required to file detailed narrative statements of his claim, a magistrate recommended that the district court grant a motion by the county to dismiss the case under Rule 12(b)(6), Fed. R. Civ. P. The district court accepted that recommendation and entered an order of dismissal. The plaintiff appealed.
 
 
 2
 We agree with the district court, for the most part, but we believe the plaintiff has stated a claim for wrongful withholding of treatment for an infected eye. Accordingly, we shall remand for further proceedings with respect to that narrow claim. We express no opinion, of course, on the merits of the claim.
 
 
 3
 * While awaiting trial on charges not specified in the record before us, Mr. Brosseau, now a resident of the penitentiary in Columbus, Ohio, was placed in the Clermont County jail at Batavia, Ohio. The jail has since been closed, and the district court's order informs us that the county's prisoners are now housed in a new facility.
 
 
 4
 Comparing the old Clermont Co. jail with other institutions in which he had been incarcerated, Mr. Brosseau gave the Clermont facility very low marks:
 
 
 5
 'Every jail or prison that this plaintiff has been in provides me with an exercise program, reading material, letter rites (sic), medical facilities, social services, religious services of your choice, but the Clermont County jail failed to do anything for the detainees that were housed there awaiting trial, because they could not make bond. The practices of the Clermont County jail are unconstitutional, and a disgrace to the nation and the State of Ohio.'
 
 
 6
 Mr. Brosseau's complaint listed more than a score of specifics in which the old Clermont County jail fell short of perfection--'no hot water in the cells', e.g.,--and the list concluded thus:
 
 
 7
 '(23) CLERMONT COUNTY JAIL IS WORST THAN THE STATE PRISONS, AND IT CLEARLY STATES IN THE U.S. CONSTITUTION THAT A MAN IS INNOCENT UNTIL PROVEN GUILTY, BUT NOT IN THE CLERMONT COUNTY JAIL:'
 
 
 8
 Mr. Brosseau alleged two respects in which his health was endangered. First, he said that his food was 'overly salted.' This allegedly endangered his health because he had a liver problem. On this point the file (and thus, we presume, the complaint, this being a pro se prisoner's proceeding) contains a medical report covering an examination antedating Mr. Brosseau's incarceration in the Clermont County jail by more than a year and a half. The report said Mr. Brosseau was suffering from hepatitis and had been for some time. The patient had 'fluid in the belly,' according to the doctor, and a diuretic was given to remove the fluid. The doctor recommended that Mr. Brosseau continue the diuretic and a low sodium diet, 'which was not specific as to exact amount.' The doctor concluded that the hepatitis 'had probably been going on for some months and would take some additional months to clear.' '[T]here is no specific treatment for his Hepatitis . . .', the doctor added.
 
 
 9
 Mr. Brosseau's other complaint was that during his stay at the Clermont County jail he was taken to a Dr. Friedman for infections in his eye and on his thigh. On December 8, 1980, Mr. Brosseau alleged, Dr. Friedman 'recommended soaks;' and as of December 16, when his complaint was filed, Mr. Brosseau alleged that 'I have not received any hot soaks yet.'
 
 
 10
 The narrative statements that Mr. Brosseau filed subsequently allege that Mr. Brosseau was never able to get the 'hot soaks' prescribed by the doctor because there was no hot water in the jail cells. Mr. Brosseau alleged that the eye infection left him with a permanent scar on his left eyelid, and if Mr. Brosseau's pleadings are given a liberal construction, as they must be, they can fairly be read as alleging a causal connection between the absence of hot soaks and the eye injury. Mr. Brosseau also alleged that his jailers knew the doctor had prescribed ot soaks and did nothing to comply with the doctor's orders.
 
 
 11
 The narrative statement provided by the defendant county said that the county's evidence would show, contrary to Mr. Brosseau's assertions, that Mr. Brosseau was at all times provided access to hot water and was given the means of soaking his eye.
 
 II
 
 12
 The memorandum that the county filed in support of its motion to dismiss the complaint under Rule 12(b)(6) began thus:
 
 
 13
 'Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976) sets out the standard to be used for determining the sufficiency of pro se Complaints. As stated therein a pro se complaint requires a liberal interpretation and is subject to 'less stringent standards than formal pleadings drafted by lawyers'. As such a pro se complaint will be dismissed only for failure to state a claim 'where it appears beyond doubt that the Plaintiff can prove no set of facts in support of a claim which would entitle him to relief.' 429 U.S. 97, 106.'
 
 
 14
 This is, of course, an accurate statement of the law. Applying the rule of Estelle v. Gamble to Mr. Brosseau's pleadings, we believe that Mr. Brosseau has pleaded a good cause of action under 42 U.S.C. Sec. 1983 for unnecessary and wanton infliction of pain by knowingly withholding the hot soaks prescribed by the physician to whom the county had sent Mr. Brosseau when he brought his infections to the county's attention. It is one thing to allege such a claim and another to prove it, of course, but a motion to dismiss under Rule 12(b)(6), unlike a motion for summary judgment under Rule 56, does not put Mr. Brosseau to his proof.
 
 
 15
 We have carefully considered the remainder of Mr. Brosseau's claims, and we do not find that the district court erred in dismissing them.
 
 
 16
 The order of the district court is AFFIRMED except as to the eye injury claim; with respect to that claim, the order is REVERSED and the cause is REMANDED to the district court.